UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUTUMN RIDGE WEST, LTD, LLLP,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | NO. 2:15-cv-00313-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |

Before the Court is Plaintiff's Motion to Reconsider, ECF No. 119. Plaintiff asks the Court to reconsider its Order dismissing Plaintiff's Insurance Fair Conduct Act (IFCA) claim, Wash. Rev. Code § 48.30.015, in light of the Washington State Supreme Court's decision in *Perez-Crisantos v. State Farm Fire and Casualty Co.*, 187 Wn.2d 669 (2017). The motion was heard without oral argument. For the reasons stated herein, the Court denies Plaintiff's Motion to Reconsider.

**Background**

Plaintiff filed its complaint on November 9, 2015 stating claims for breach of contract, violations of IFCA, and violations of the Washington Consumer Protection Act (CPA), Wash. Rev. Code § 19.86.010, et seq. The parties subsequently filed cross-motions for summary judgment on all of Plaintiff's claims. On January 19, 2017, the Court entered its Order denying the parties'

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** + 1

cross-motions for summary judgment on the breach of contract and CPA claims, and stayed the case pending a decision by the Washington Supreme Court as to whether IFCA provides a cause of action where there has been no denial of coverage or payment of benefits but the claim is based solely on violations of Washington insurance regulations, as is the case here. ECF No. 108.

On February 2, 2017, the Washington Supreme Court issued its decision in *Perez-Crisantos* holding that IFCA does not create an independent cause of action for violations of Washington insurance regulations in the absence of any reasonable denial of coverage or benefits. 187 Wn.2d at 672. Accordingly, the Court dismissed Plaintiff's IFCA claim and lifted the stay. ECF No. 110. On May 9, 2017, Plaintiff moved for reconsideration of the Court's Order dismissing its IFCA claim, stating that *Perez-Crisantos* is inapplicable here because Plaintiff has alleged unreasonable denial of benefits.

### Standard

A party may ask the court to reconsider and amend a previous order. Fed R. Civ. P. 59(e) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003). A Rule 59(e) motion may be granted when: (1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *Turner v. Burlington N. Santa Fe R. Co.,* 338 F.3d 1058, 1063 (9th Cir. 2003).

### Analysis

Plaintiff argues that it has alleged unreasonable denial of benefits and that a delay in the payment of benefits under the insurance policy constitutes "unreasonable denial." However, as the Court noted in its Order Regarding Parties' Motions for Summary Judgment, ECF No. 108, Defendant initially paid

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ~ 2**

benefits based on an estimate that it received from independent roofing company, Jimmy's Roofing. The parties then engaged in a series of exchanges leading Defendant to increase the amount of payment under the insurance policy on numerous occasions. This cannot be said to amount to a "denial" of insurance benefits. Indeed, the undisputed record shows that Defendant paid benefits at the outset, albeit less than Plaintiff would have liked. Because each of Plaintiff's claims under IFCA are predicated on violations of Washington insurance regulations and there was no denial of insurance benefits, the Court properly ruled that Plaintiff's IFCA claim must fail pursuant to *Perez-Crisantos*. This ruling was not manifest error and there is no basis to grant Plaintiff's Motion to Reconsider.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Reconsider, ECF No. 119, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of June, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** ~ 3